613 S.E.2d 367

**In the Matter of John B. BOWDEN, Respondent.**

**No. 25978.**

Supreme Court of South Carolina.

Submitted March 25, 2005.
Decided May 9, 2005.

---

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the issuance of a

letter of caution, admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent was hired as an associate to manage the Greenville office of the Forquer Law Firm. Respondent worked under the supervision of Robert Forquer who is not licensed in South Carolina and who works in the firm's Charlotte, North Carolina, office. When respondent learned it was the firm's practice to inflate government recording fees on HUD–1 settlement statements, he questioned Mr. Forquer about the practice. Mr. Forquer assured respondent that the practice was ethical and legal.

Respondent has been informed by ODC that the Forquer Law Firm failed to maintain sufficient records of the recording fee charges and failed to identify and track client funds relating thereto in its accounts. No record of the actual amounts paid for recording fees were kept in the closing files and no accounting of the overcharges was made to clients. The funds obtained in excess of the actual recording fees were used for a variety of purposes including office expenses, correction of errors in closings, payroll or other payments to staff, and payments in various amounts to Mr. Forquer and a former partner, Mr. Green.

While respondent had signatory authority on the firm's bank accounts, he had no access to or responsibility for its financial records. Respondent knew that the management and recordkeeping of the firm's accounts was handled by Mr. Forquer in the firm's Charlotte office. Respondent was unaware that the firm was not complying with the requirements of Rule 417, SCACR, or that Mr. Forquer was using the excess recording fees for firm and personal expenses. Respondent did not profit in any way from the overcharges.

Respondent acknowledges that it was his responsibility 1) to inform his clients they were being charged more than the actual cost of the recording fees and 2) to ensure the accuracy

of information contained in the HUD–1 forms in the closings he supervised. Respondent further acknowledges his ethical duty to ensure the firm's compliance with his obligation of safekeeping of funds and financial recordkeeping, particularly when those responsibilities were handled by non-lawyers or lawyers not licensed in South Carolina. Respondent acknowledges that, as office manager and supervisor of associates, he had additional responsibilities to ensure his staff's compliance with the Rules of Professional Conduct.

Respondent has fully cooperated with ODC's investigation.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (addressing lawyer's responsibility for safekeeping client funds); Rule 5.1 (lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if, with knowledge of the specific conduct, the lawyer ratifies the conduct involved); Rule 5.2 (lawyer is bound by the Rules of Professional Conduct notwithstanding lawyer acts at the direction of another person); and Rule 8.3 (lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as that lawyer's honesty, integrity, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate professional authority). In addition, respondent admits he failed to comply with Rule 417, SCACR (addressing financial recordkeeping). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Disci-

pline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.